ADKINS, Justice,
dissenting.
I respectfully dissent. The record does not establish, with undisputed testimony, that Hipsh refused to refund an unearned portion of the retainer fee. The record *618 shows only that said attorney requested an opportunity to first review complainant’s file in order to determine what, if any, refund complainant was entitled. Hipsh’s request and subsequent conduct were not unreasonable given the fact that both the number of hours he worked on this case and the hourly rate to be charged were (and still are) in question.
After detailed review of this record, it is my firm belief that the charge brought by The Florida Bar is structured around nothing more than a basic fee dispute between client and attorney. The Integration Rule of The Florida Bar, Rule 11.02(4), expressly restricts the scope of discipline for such conflicts, stating, in pertinent part:
Controversies as to the amount of fees are not grounds for disciplinary proceedings unless the amount demanded is clearly excessive, extortionate, or the demand is fraudulent.
(Emphasis added.) Here, there is no clear showing of “excessiveness” which would mandate attorney discipline. Hipsh has consistently maintained that, prior to the instant complaint, Swindle (primary counsel for the cause) reported that the $5,000 fee had been legitimately earned. He further contends that his subsequent dealings with complainant were conducted pursuant to his reliance on Swindle’s report. Moreover, expert testimony proffered by Hipsh indicates that, given the type work done on the case, the $5,000 fee was not a clearly excessive amount. The record manifests, at very minimum, a substantial confusion concerning the fee arrangement and the evidence provided therein was far from clear and convincing that Hipsh had charged or collected an excessive fee. See The Florida Bar v. Rayman, 238 So.2d 594 (1970).
Therefore, inasmuch as this matter involves a fee dispute and there was no clear and convincing showing that the fee was excessive, the issue is not a proper subject for disciplinary proceeding. See Integration Rule of The Florida Bar, Rule 11.02(4).
BOYD, J., concurs.